UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BOBBIE MANNIELLO,            )
                             )
        Plaintiff            )
                             )
v.                           )  No. 1:17-cv-00051-GZS
                             )
NANCY A. BERRYHILL,          )
Acting Commissioner of Social Security, )
                             )
        Defendant            )

### RECOMMENDED DECISION ON MOTION FOR EAJA ATTORNEY FEES

The plaintiff seeks a fee award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), of $3,286.83 for 7.25 hours of attorney time and 17.2 hours of paralegal time expended in connection with this Social Security benefits appeal. *See* EAJA Application for Fees and Expenses ("Motion") (ECF No. 20) & [Fee Invoice], Exh. A (ECF No. 20-1) thereto, at [2]. The commissioner objects solely to the $110 hourly rate sought for paralegal time, arguing that the plaintiff fails to meet her burden of justifying a rate higher than the $90 hourly this court has awarded in EAJA fees for paralegal time in recent Social Security appeal cases. *See* Defendant's Opposition to Plaintiff's EAJA Application for Fees and Expenses ("Opposition") (ECF No. 21) at 2-3. I agree with the commissioner and, accordingly, recommend that the court grant the Motion in part, reducing the award to $2,942.83, representing compensation for 7.25 hours of attorney time at $192.39 per hour and 17.2 hours of paralegal time at $90 per hour.

### I. Applicable Legal Standard

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

1

position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses of attorneys[.]" *Id*. § 2412(b). "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). "The plaintiffs bear the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Me. Dep't of Corr.*, 387 F. Supp.2d 57, 60 (D. Me. 2005).

The commissioner concedes that an EAJA award is due in this case and does not contest the total time for which fees are sought or the hourly rate of $192.39 for attorney time. *See* Opposition at 1-2.

## II. Discussion

As the commissioner notes, *see id*. at 2, this court recently has awarded EAJA fees for paralegal time at $90 per hour in Social Security appeal cases, *see, e.g.,* Order on Application for EAJA Fees and Expenses ("*Pelletier* Order") (ECF No. 23), *Pelletier v. Comm'r of Soc. Sec.,* No. 1:17-cv-000073-NT (D. Me. Dec. 20, 2017); *Miller v. Soc. Sec. Admin. Comm'r*, 1:16-cv-00503-JDL, 2017 WL 3597477, at *2 (D. Me. Aug. 21, 2017); *Staples v. Berryhill*, No. 2:15-cv-00392-DBH, 2017 WL 2570890, at *6 (D. Me. June 13, 2017) (rec. dec., *aff'd* July 3, 2017).

The plaintiff supports her bid for an award for paralegal time at the rate of $110 per hour with an affidavit in which attorney Francis Jackson avers that "the rate for paralegal work, $110.00 per hour, is well below the market rate for paralegal work in Portland in a federal court case[,]" citing *Nationwide Payment Solutions, LLC v. Plunkett*, No. 2:09-cv-600-GZS, 2012 WL 234852 (D. Me. Jan. 24, 2012) (rec. dec., *aff'd* Feb. 15, 2012), for the proposition that this court approved

paralegal fees at the rate of $112 for work performed in April 2011. Affidavit in Support of Application for EAJA Fees (ECF No. 20-2), attached to Motion, ¶ 6.

However, as the commissioner observes, *see* Opposition at 3, this court has rejected prior bids for an increase in the compensable paralegal hourly rate for purposes of EAJA awards in Social Security appeal cases based on a similar showing by the same plaintiff's attorney, *see Pelletier* Order (rejecting request for EAJA fee award for paralegal time at $110 per hour; holding that plaintiff had failed to meet her burden of establishing that market rate in Maine for paralegal services was different than $90 per hour); *Perez v. Astrue*, No. 2:11-cv-244-NT, 2012 WL 1184426, at *1 (D. Me. Apr. 6, 2012) (rec. dec., *aff'd* May 10, 2012) (plaintiff's attorney averred in his affidavit that "[a] rate of $100.00 per hour for paralegal work in the Portland market is . . . reasonable[,]" and plaintiff cited three cases from this court, including *Nationwide*, for that proposition) (citation and internal quotation marks omitted); *Pearson v. Astrue*, Civil No. 1:11-CV-252-DBH, 2012 WL 837243, at *1 (D. Me. Mar. 12, 2012) (plaintiff's attorney's "one-line description of $100 as a reasonable market rate for [paralegal time in] Portland" was "not enough[,]" and his citation to same three cases, including *Nationwide*, did "not provide what [was] missing" when those cases concerned paralegal rates in copyright, trademark, and patent infringement cases). *See also, e.g., Haskell v. Soc. Sec. Admin. Comm'r*, No. 1:11-cv-289-GZS, 2012 WL 1463300, at *2 & n.1 (D. Me. Apr. 24, 2012) (rec. dec., *aff'd* May 15, 2012) (noting that parties had reached agreement on $75 hourly rate for paralegal fees, but observing in footnote that plaintiff's counsel's had replicated the same showing in support of a $100 hourly paralegal fee that had been rejected in *Pearson*).

*Pelletier, Perez*, and *Pearson* are controlling here.

In her reply brief, the plaintiff protests that "it would be facially unreasonable for the Court not to allow an increase in paralegal rates since 2011 in the Social Security realm[,]" arguing that (i) simply multiplying the $90 rate by increases in the Consumer Price Index since then would yield an increase to $100.65, (ii) this court has more recently recognized hourly paralegal rates of between $105 and $112 for specialized paralegal work, and (iii) the paralegal who performed the bulk of the work at issue is highly trained and specialized, having been an attorney and developed expertise in disability law. Plaintiff's Response to the Defendant's Opposition to the EAJA Application for Fees and Expenses (ECF No. 22) at 1-3.

This is too little, too late. Even had the plaintiff offered additional evidence, a reply brief is not a vehicle to rectify deficiencies in an initial showing in support of a bid for attorney fees. *See, e.g.*, *In re One Bancorp Sec. Litig.,* 134 F.R.D. 4, 10 n. 5 (D. Me. 1991) (court generally will not address an argument advanced for the first time in a reply memorandum). In any event, the additional cases to which the plaintiff points are not Social Security appeal cases, and her arguments do not otherwise serve to remedy the deficiencies in her attempted showing that $110 per hour represents the prevailing market rate for the paralegal work performed in this case. As Judge Hornby observed in *Pearson* in 2012: "Perhaps it is time for an adjustment [in the paralegal hourly rate accepted by this court for Social Security cases], but this case does not furnish the appropriate evidentiary record for what prevailing market rates are now and, contrary to the plaintiff's arguments, this District's precedents do not provide what is missing." *Pearson,* 2012 WL 837243, at *1.

### III. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the Motion in part, awarding EAJA fees in the amount of to $2,942.83 (Two Thousand Nine Hundred Forty-Two Dollars and Eighty-Three Cents), and otherwise **DENY** it.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 14th day of February, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge